UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-14442-CIV-CANNON/MAYNARD

TODD SMITH,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, Todd Smith, brings this action *pro se* under the Social Security Act seeking judicial review of Defendant's final decision denying his application for disability benefits. DE 1. This matter has been referred to me for a Report and Recommendation. DE 2.

After Defendant filed the certified administrative record, DE 13 (cited herein as "R. __"), Plaintiff filed a letter with attached exhibits, which I liberally construe as his Motion for Summary Judgment. DE 18. Defendant thereafter filed a Motion for Summary Judgment. DE 19. Plaintiff has not timely filed a reply. Having carefully reviewed the pleadings and the administrative record, I respectfully **RECOMMEND** that Defendant's final decision be **AFFIRMED** for the following reasons.

## BACKGROUND

On June 25, 2019, Plaintiff filed his application for disability insurance benefits, alleging a disability onset date of December 18, 2018, due to right shoulder injury, headaches, muscle spasms, and neck injuries. R. 77, 79, 168-74, 186. Plaintiff was 51 years old on his alleged onset date with a high school education and past relevant work as a as a mason worker, a UPS delivery

seasonal trainer, a limo driver, and a construction supervisor. R. 51-53, 187-88. Plaintiff's claim was denied initially and on reconsideration. R. 66-76, 78-88, 93-99, 101-13. On November 12, 2019, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). R. 114-15.

On September 28, 2020, ALJ Theodore Kim held a hearing. Plaintiff appeared with his counsel, Louis Turco, Esq. R. 46-66. Plaintiff and vocational expert Ronald Malik testified at the hearing. On October 13, 2020, the ALJ issued an unfavorable decision finding Plaintiff not disabled from his alleged onset date through his last date insured of March 31, 2019. R. 30-41.

On May 13, 2021, after granting Plaintiff's request for review, the Appeals Council issued its own decision. R. 9-14. The Appeals Council replaced the three jobs identified at step 5 in the ALJ's decision with the three jobs provided by the VE at the hearing. R. 9-11. Apart from that one modification, the Appeals Council expressly adopted the rest of the ALJ's findings, including the ultimate finding that Plaintiff was not disabled from December 18, 2018, through March 31, 2019. R. 11-13. The Appeals Council's decision is the Commissioner's final decision. Plaintiff has exhausted his administrative remedies and now seeks judicial review of this final decision under 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

To qualify for Social Security benefits, a claimant must show that he is disabled. *Ellison v. Barnhart,* 355 F.3d 1272, 1276 (11th Cir. 2003); *Doughty v. Apfel,* 245 F.3d 1274, 1278 (11th Cir. 2001); 20 C.F.R. §§ 404.1512(a), 416.912(a). The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is one that "results from anatomical, physiological, or

psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

A disability benefits claim follows a multi-layered process before it can be reviewed in federal court. A claimant first applies to a state agency for disability determinations, 42 U.S.C. § 421(a), after which the claimant is entitled to an evidentiary hearing before an ALJ. *Heckler v. Day*, 467 U.S. 104, 106–07 (1984). An ALJ must perform a "five-step sequential evaluation" to determine if a claimant is disabled. 20 C.F.R. § 404.1520(a)(1). This five-step process determines if a claimant (1) is currently employed; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or equals an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the "Listings"); (4) can perform past relevant work based on a residual functional capacity ("RFC") assessment; and (5) retains the ability to perform any work in the national economy. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011); *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five. *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018); *Hines–Sharp v. Comm'r of Soc. Sec.*, 511 Fed. Appx. 913, 915 n.2 (11th Cir. 2013). If an individual is found disabled or not disabled at any step, further inquiry is unnecessary. 20 C.F.R. § 416.920(a).

A claimant may appeal an ALJ's unfavorable decision to an Appeals Council that must review the case and determine if the ALJ's "action, findings, or conclusion is contrary to the weight of the evidence currently of record." *Heckler*, 467 U.S. at 106-07; 20 C.F.R. § 404.970(a). After completing the foregoing administrative process, a claimant may seek review in federal court. 42 U.S.C. § 405(g); *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007).

Under governing regulations, the Social Security Administration conducts its "administrative review process in an informal, non-adversarial manner." 20 C.F.R. § 404.900(b). Unlike judicial proceedings, social security administrative hearings "are inquisitorial rather than adversarial." *Washington*, 906 F.3d at 1364 (quoting *Sims v. Apfel*, 530 U.S. 103, 111 (2000)). "Because Social Security hearings basically are inquisitorial in nature, '[i]t is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits.'" *Id.* Indeed, "at the hearing stage, the Commissioner does not have a representative that appears 'before the ALJ to oppose the claim for benefits.'" *Id.* (quoting *Crawford & Co. v. Apfel*, 235 F.3d 1298, 1304 (11th Cir. 2000)). "Thus, 'the ALJ has a basic duty to develop a full and fair record. This is an onerous task, as the ALJ must scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts.'" *Id.* (quoting *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015)).

On review in federal court, the scope of review is limited to determining if (1) substantial evidence supports the Commissioner's findings, and (2) the correct legal standards were applied. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). A reviewing court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.*

In testing for substantial evidence, a court may not "reweigh the evidence" or "decide the facts anew." *Winschel*, 631 F.3d at 1178. Instead, so long as the Commissioner's findings are supported by substantial evidence, they are conclusive, and the court must defer to the final decision even if the evidence preponderates against it. *Crawford*, 363 F.3d at 1158-59. However,

the court will not "merely rubber-stamp a decision ... [and] must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1257 (11th Cir. 2019); *see also Simon v. Comm'r, Soc. Sec. Admin.*, 7 F.4th 1094, 1104 (11th Cir. 2021) ("Within this narrowly limited role, however, the federal courts 'do not act as automatons' … '[w]e retain an important duty to 'scrutinize the record as a whole' and determine whether the agency's decision was reasonable") (quoting *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986)). Remand is appropriate for further factual development where the record reveals evidentiary gaps that result in unfairness or clear prejudice. *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1358 (11th Cir. 2018).

A reviewing court is also required to review the Commissioner's final decision to determine if the correct legal standards were applied. *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). If the court finds an error in the Commissioner's application of the law, or if the Commissioner fails to provide sufficient reasoning for determining that the proper legal analysis has been conducted, then the final decision must be reversed. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

## THE ALJ'S DECISION

The ALJ in this case proceeded through the five-step analysis as follows: At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from his alleged disability onset date through his date last insured of March 31, 2019. R. 32. At step two, the ALJ found that Plaintiff had the following severe impairments: obesity; degenerative disc disease of the cervical spine with spondylosis; and migraines. R. 33-34. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of an agency-listed impairment in the Listings. R. 34-35.

As a predicate to step four, the ALJ found that Plaintiff, through his date last insured, had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b) except that he could frequently operate hand controls; reach, push, pull, handle, finger, and feel with both upper extremities; frequently kneel, crouch, stoop, balance, and crawl; frequently climb stairs and ramps; occasionally climb ladders, ropes and scaffolds but never be exposed to unprotected heights and moving mechanical parts; tolerate occasional exposure to extreme heat, extreme cold, humidity, and vibration; understand, carry-out, and remember simple instructions; and make simple work related decisions.  R. 35.

At step four, based on the above RFC assessment and testimony from the vocational expert ("VE"), the ALJ found Plaintiff unable to perform his past relevant work.  R. 39.  Then, after considering Plaintiff's age, education, work experience, RFC, the Medical-Vocational guidelines, and testimony from the VE, the ALJ found Plaintiff could perform the requirements of representative occupations of a hand packager, a mail sorter, and an office helper through his date last insured.  R. 39-40.  Accordingly, based on the above findings, the ALJ found Plaintiff had not been under a disability as defined in the Social Security Act from his alleged onset date of December 18, 2018, through his date last insured on March 31, 2019.  R. 41.

## THE APPEALS COUNCIL'S DECISION

Plaintiff sought review of the ALJ's decision.  R. 26.  The Appeals Council granted review and issued its own decision on May 13, 2021.  The Appeals Council adopted the ALJ's findings with one exception. R. 9-14.  Specifically, the Appeals Council "agree[d] with the [ALJ's] findings under steps 1, 2, 3, 4, and 5 of the sequential evaluation; … However, the Appeals Council is issuing this decision to substitute the jobs provided in the hearing decision at step 5 with those actually provided by the vocational expert at the hearing."  R. 9-10.  The Appeals Council

expressly adopted each of the ALJ's step-related findings one by one—including the ALJ's steps two and three impairment findings; the ALJ's RFC finding; the ALJ's findings concerning medical source opinion evidence; and the ALJ's step four finding. R. 10-11. At step five, the Appeals Council found as follows:

> At step five of the sequential evaluation, we adopt the finding that there are jobs the claimant can perform that exist in significant numbers in the national economy. However, the jobs cited in the decision of hand packager (Dictionary of Occupational Titles (DOT) #559.687-074); mail sorter, (DOT #209.687-026); and office helper (DOT #239.567-020) are not supported by the record because those jobs were not provided by the vocational expert at the hearing. As such, the Appeals Council finds that the jobs listed in the decision do not support the Administrative Law Judge's finding that there are jobs the claimant can perform that exist in significant numbers in the national economy.
>
> The record shows that the claimant was born on July 26, 1967. He was an individual closely approaching advanced age during the period at issue with at least a high school education. Transferability of jobs skills is not material to a determination of disability. To determine the extent to which the non-exertional limitations erode the occupational base of unskilled work at the light exertional level, the Administrative Law Judge asked the vocational expert whether jobs exist in the national economy for an individual with the claimant's age, education, work experience, and residual functional capacity. The vocational expert testified that, given all these factors, the claimant would be able to perform the requirements of representative light exertional occupations such as fastener (power-screwdriver operator) (DOT #699.685-026), with 12,000 jobs in the national economy; bander (DOT #920.687-026), with 4,000 jobs in the national economy; and cleaner (DOT #323.687-014) with 100,000 jobs in the national economy.
>
> We find the vocational expert's testimony persuasive and that the jobs cited by the vocational expert represent significant numbers in the national economy. Thus, we find that the Administrative Law Judge's finding that there are jobs the claimant can perform that exist in significant numbers in the national economy is supported based on the jobs provided by the vocational expert at the hearing. We also adopt the Administrative Law Judge's finding that, pursuant to Social Security Ruling 00-4p, the vocational expert's testimony is consistent with the information contained in the DOT.
>
> Therefore, based upon vocational expert testimony at the hearing regarding a significant number of jobs the claimant could perform, we adopt the finding of the Administrative Law Judge that the claimant was not disabled by applying the framework of Medical-Vocational Rule 202.14.

R. 11-12.  Based on its review, the Appeals Council ultimately found Plaintiff not disabled from his alleged onset date of December 18, 2018, through his date last insured of March 31, 2019.  R. 12.

## DISCUSSION

In this appeal, Plaintiff generally contends that he wants to work after being seriously injured in a construction accident over 25 years ago "but unfortunately my neck/headaches make it impossible to hold a job for any length of time."  DE 18 at 2.  Further, Plaintiff is "baffled" by the decision to deny him disability benefits because the VE testified at the hearing "that there was no job for me, [] which [ALJ] Kim repeated and acknowledged."  *Id.* at 2-3.  Plaintiff attaches a two-page excerpt from the disability determination explanation at the initial level of administrative review and an excerpt of the VE's hearing testimony before the ALJ.  *Id.* at 4-13.

In response, Defendant maintains that the ALJ properly evaluated Plaintiff's disability claim after considering all the relevant medical evidence and that substantial evidence supports the ALJ's decision.  Defendant acknowledges that the ALJ's decision cites three available jobs at step five that "were unsupported by the record" and "were not the three jobs provided by the VE at the hearing."  DE 19 at 4, n.3.  Nonetheless, Defendant maintains that the ALJ properly relied on the VE's testimony in determining that Plaintiff could perform available work.  *Id.* at 11.

*Pro se* pleadings "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998).  This leniency "does not give a court license to serve as *de facto* counsel for a party" or to "rewrite an otherwise deficient pleading in order to sustain an action."  *Curtiss v. Comm'r of Soc. Sec.*, 856 F. App'x 276, 276 (11th Cir. 2021).  Here, liberally construing Plaintiff's *pro se* pleading, I find that he raises two issues.  First, he appears to challenge the assessment of his overall medical

condition and RFC. Second, he argues that the VE's hearing testimony was not properly considered.

Before addressing these two issues, I note that my judicial review is limited to reviewing the "final decision of the Commissioner of Social Security," 42 U.S.C. § 405(g), which in this case is the Appeals Council's decision. *See Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir. 1998) (citing *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir.1994) (stating that "[w]hen the Appeals Council grants review, the Appeals Council decision is reviewable as the final decision of the Secretary"). Thus, I construe Plaintiff's challenges as applying to the Appeals Council's decision.

### I. The Appeals Council Properly Assessed Plaintiff's Medical Condition and RFC To Perform Light Work with Specified Limitations.

Plaintiff bears the burden of proving he is disabled within the meaning of the Social Security Act. *See* 20 C.F.R. §§ 404.1512(a), (c); *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). Disability means the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or is expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Plaintiff has the burden to provide the relevant medical and other evidence to prove that he is disabled. *See* 20 C.F.R. §§ 404.1512(a), (b); *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (a claimant bears the burden to prove he is disabled and to produce evidence in support of such a claim).

A claimant's RFC is the most he can still do despite his limitations and is based on an evaluation of the relevant evidence. 20 C.F.R. §§ 404.1520(e), 404.1545(a)(1), (a)(3). At the administrative level, the Commissioner is responsible for assessing a claimant's RFC. 20 C.F.R. § 404.1546(c); *see also* 20 C.F.R. § 404.1527(d)(2) (assessment of a claimant's RFC is an issue

reserved for the Commissioner).  Determining a claimant's RFC requires consideration of all the relevant evidence in the record, including medical history, medical signs and laboratory findings, the effects of treatment, daily activities, lay evidence, and medical source statements. *See* 20 C.F.R. §§ 404.1512, 404.1545(a)(3), 404.1546(c); Social Security Ruling (SSR) 96-8p, 61 Fed. Reg. 34,474-01, 34,477, 1996 WL 374184 (July 2, 1996).  The RFC finding need not be based upon a medical opinion. *See Castle v. Colvin*, 557 F. App'x 849, 853-54 (11th Cir. 2014) (finding an ALJ's RFC determination to be supported by substantial evidence when he gave a physician's opinion little weight even though the record lacked another physician's assessment); *see also Robinson v. Astrue*, 365 F. App'x 993, 999 (11th Cir. 2010) (explaining "the task of determining a claimant's [RFC] and ability to work is within the province of the ALJ, not of doctors").

Here, the ALJ found that Plaintiff suffers from the following severe impairments: obesity, degenerative disc disease of the cervical spine with spondylosis, and migraines.  R. 33.  The ALJ further found that Plaintiff's obstructive sleep apnea, hypertension, hyperlipidemia, tinnitus, mitral valve regurgitation, fatigue, and hypothyroidism were non-severe impairments.  *Id.*  Regarding Plaintiff's mental health, the ALJ found Plaintiff's anxiety and PTSD to be non-severe.  R. 33.  In doing so, the ALJ specifically considered the four broad functional areas— the "paragraph B" criteria—utilizing the record evidence.  R. 33-34.  The ALJ determined that Plaintiff had mild limitations in the four areas of understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing herself.  R. 33-34.  A review of the record demonstrates that Plaintiff's impairments (and associated findings), whether severe or not, were considered alongside Plaintiff's entire medical condition as required. *Childers v. Soc. Sec. Admin., Comm'r,* 521 F. App'x 809, 811 (11th Cir. 2013) (as part of the

governing sequential evaluation process, the ALJ "is to consider the claimant's entire medical condition, including any impairment or combination of impairments, whether severe or not").

Based on available evidence in the record, the ALJ determined that Plaintiff had the RFC to perform light work with specified manipulative, postural, environmental, and non-exertional limitations. R. 35. In making this RFC determination, the ALJ considered relevant evidence including Plaintiff's testimony, objective medical records, a function report submitted by Plaintiff's spouse, and the findings of State agency medical consultants. R. 35-39. By way of example, as acknowledged by the ALJ, a July 2016 MRI and other medical treatment records confirmed Plaintiff's diagnosis of degenerative disc disease of the cervical spine with spondylosis. R. 36, 328, 350-51. Following this diagnosis, at an examination on January 9, 2018, Plaintiff's pain level was at a 6 to 7 out of 10 with a 30% reduction in pain while on medication. R. 347. Over nine months later, on October 25, 2018, Plaintiff reported a 50% reduction in pain "along with clinically meaningful improvement in function with current treatment regimen." R. 338. Then, on January 17, 2019, Plaintiff reported "50% relief of pain from [his] non-opiate pain medication." R. 334. Additionally, Plaintiff reported "excellent control of his headaches and neck pain" with acupuncture and said he would like to resume this treatment method. *Id.* In April and July 2019, Plaintiff reported continued treatment with an acupuncturist and chiropractor, acupuncture two times a week "with effective pain relief," and weekly massages for pain relief. R. 326, 330, 339.

At an examination on January 3, 2020, Plaintiff described experiencing intermittent to constant pain but reported that his "medications provide 50% relief from his neck and headache pain." R. 426. Plaintiff stated that his "current regimen of muscle relaxers and celecoxib help with his pain." *Id.* On April 17, 2020, Plaintiff consistently reported approximately 50% relief

in neck pain from his medication and had clinically meaningful improvement with the use of chronic opioid therapy (COT) in function as evidenced by his ability to perform activities of daily living (ADL). R. 423. On May 26, 2020, Plaintiff reported constant and moderate pain in the affected regions of his spine but agreed that he should remain on a non-opiate treatment plan. R. 419-20. On August 18, 2020, Plaintiff reported his use of medical marijuana as prescribed by his family physician for his neck pain and reported a 50% reduction in pain. R. 450. It was noted that Plaintiff had "limited" range of motion in his cervical spine but his other examination findings were all normal. R. 451-52.

Overall, based upon a review of the above available medical evidence, the ALJ reasonably concluded that Plaintiff's course of treatment to address his spinal condition had been routine and conservative in nature. Specifically, the ALJ pointed out that Plaintiff had "received conservative treatment consisting of acupuncture, and over-the-counter medication. The claimant has had no surgery for his condition." R. 37. This finding is substantially supported by the record as discussed above. Plaintiff's conservative course of treatment offers further support for the ALJ's assessment of Plaintiff's RFC and undermines any allegations by Plaintiff of disabling limitations. *See Wolfe v. Chater*, 86 F.3d 1072, 1078 (11th Cir. 1996) (explaining that conservative treatment for a particular condition tends to negate a claim of disability).

The ALJ further reasoned that Plaintiff's pain and functional complaints "exceed the objective evidence of record, which indicate a greater level of functioning, as evidenced by his ability to perform his activities of daily living." R. 37. By way of supportive example, on April 17, 2020, an examining physician noted that Plaintiff had the ability to perform activities of daily living and that without assistance and while alone, Plaintiff was able to ambulate, attend the restroom, bathe, dress, and eat. R. 423.

As to the opinion evidence supporting the RFC determination, the ALJ discussed the opinions of two state agency medical consultants. R. 37-38, 72-75, 84-87. Both consultants, Dr. Renny and Dr. Smith, had similarly opined that Plaintiff "was capable of performing light work with postural and environmental limitations." R. 37-38. The ALJ found these two opinions and their associated findings "somewhat persuasive" but, notably, the ALJ ultimately found Plaintiff's RFC to be slightly more limited as demonstrated by the ALJ's imposition of additional restrictions of no exposure to unprotected heights and moving mechanical parts as well as additional upper extremity restrictions. R. 35.

In his pleading, Plaintiff broadly refers to his medically determinable impairments of "spine disorders" and "depressive, bipolar and related disorders" in support of his challenge to the Commissioner's final decision. DE 18 at 2, 4-5. However, the mere existence of an impairment "does not reveal the extent to which they limit [the claimant's] ability to work or undermine the ALJ's determination in that regard." *Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005). Moreover, importantly, the ALJ expressly acknowledged Plaintiff's spinal and mental impairments in assessing Plaintiff's overall medical condition and RFC. Based on my review, I find that the ALJ included limitations in the RFC to accommodate all of Plaintiff's impairments.

Plaintiff's pleading broadly describes his course of treatment with various providers through the present time, however the Commissioner's final decision is limited to the relevant period, *i.e.* the alleged onset date of December 18, 2018, through Plaintiff's last date insured of March 31, 2019, and the scope of judicial review in this federal court is limited to the administrative record. *See Valdez v. Comm'r of Soc. Sec.*, 808 F. App'x 1005, 1009-10 (11th Cir. 2020) ("We review only whether the ALJ's decision was supported by substantial evidence, and 'we will look only to the evidence actually presented to the ALJ.'") (quoting *Falge v. Apfel*, 150

F.3d 1320, 1323 (11th Cir. 1998)); *see also Cherry v. Heckler*, 760 F.2d 1186, 1193 (11th Cir. 1985) (a reviewing court is limited to the evidence in the administrative record).

As Defendant correctly notes, Plaintiff's general challenges in this appeal are essentially an improper invitation for this Court to re-weigh the evidence and substitute its own judgment for that of the Appeals Council. *See Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014) ("We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner."); *see also Barron v. Sullivan*, 924 F.2d 227, 230 (11th Cir. 1991) ("Substantial evidence may even exist contrary to the findings of the ALJ, and we may have taken the view of it as a factfinder. Yet, if there is substantially supportive evidence, the findings cannot be overturned.").

The Appeals Council expressly adopted the above findings by the ALJ regarding Plaintiff's medical condition and the ALJ's overall RFC assessment. R. 9-11. As discussed above, the ALJ's RFC determination finds substantial support in the record and Plaintiff has not pointed to any specific evidence showing that his impairments caused additional limitations beyond those included in this RFC finding. As such, the Appeals Council did not err in either its assessment of Plaintiff's medical condition or in its adoption of the ALJ's RFC finding in light of the relevant evidence in the record. The Appeals Council's final decision should thus be affirmed. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988).

**II.     The Appeals Council Properly Considered the VE's Hearing Testimony.**

At step five of the sequential evaluation, the Commissioner bears the burden of proving that the claimant can perform a job that exists in significant numbers in the national economy given his vocational profile after considering the claimant's RFC, age, education, and past work experience. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011); *Doughty v.*

*Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001); 20 C.F.R. § 416.920(a)(4)(v). At this step, the Commissioner must show "the existence of ... jobs in the national economy which, given the claimant's impairments, the claimant can perform." *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987). If the Commissioner makes this showing, the burden shifts back to the claimant to prove he is unable to perform the jobs suggested. *Id.*

Work which "exists in the national economy" means "work which exists in significant numbers either in the region where [the] individual lives or in several regions of the country." 42 U.S.C. § 423(d)(2)(A); *see also* 20 C.F.R. § 416.966(a) (same). To find that a claimant is not disabled under this step, "[t]he ALJ must articulate specific jobs that the claimant is able to perform, and this finding must be supported by substantial evidence, not mere intuition or conjecture." *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002). An ALJ may rely on the testimony of a vocational expert as substantial evidence in making step five determinations. *See* 20 C.F.R. § 416.966(e); *Biestek v. Berryhill*, 139 S. Ct. 1148 (2019); *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1360 (11th Cir. 2018) ("Put simply, the critical inquiry at step five is whether jobs exist in the national economy in significant numbers that the claimant could perform in spite of his impairments, and the ALJ can consider both jobs data drawn from the DOT as well as from the testimony of the [vocational expert] in making this determination.").

Here, Plaintiff argues that the "expert witness: Occupational Expert (Ron Malik) stated: That there was no job available for me, due to my chronic condition." DE 18 at 2. This is simply not true. At the hearing before the ALJ, to determine if Plaintiff could work, the ALJ obtained testimony from a VE. R. 61-64. *See* 20 C.F.R. § 404.1560(b). Plaintiff attaches only an excerpt of the VE's testimony from when the VE was responding to his counsel's questions, however this selective excerpt is taken out of context. When viewed in proper context, it is apparent that the

ALJ properly obtained testimony from the VE regarding available jobs in the economy that Plaintiff could perform given his vocational profile. Specifically, the ALJ asked the VE to consider whether a person of Plaintiff's age, education, and past work experience with all the specific limitations eventually included in the RFC finding could perform jobs that existed in significant numbers in the national economy. R. 62. The VE testified that such a person could perform the representative jobs of a fastener (Dictionary of Occupational Titles ("DOT") 699.685-026) with approximately 12,000 jobs available nationally, a bander (DOT 920.687-026) with approximately 4,000 jobs available nationally; and a cleaner (DOT 323.687-014) with approximately 100,000 jobs available nationally. R. 62-63. The VE testified further that this testimony was consistent with the DOT and the Selected Characteristics of Occupations ("SCO"). [1] R. 63.

As discussed in the preceding section, the RFC is supported by substantial evidence and the VE provided valid testimony in response to a hypothetical that included limitations that were supported by the record. Although the ALJ's written decision inexplicably listed three other representative occupations not tied to the VE's testimony, the Appeals Council unequivocally corrected this error in its later decision by expressly "substitut[ing] the jobs provided in the hearing decision at step 5 with those actually provided by the [VE] at the hearing," that is, the jobs of "fastener (power-screwdriver operator) (DOT #699.685-026), with 12,000 jobs in the national economy; bander (DOT #920.687-026), with 4,000 jobs in the national economy; and cleaner (DOT #323.687-014) with 100,000 jobs in the national economy." R. 10, 11. The Appeals Council

---

[1] The DOT groups jobs into "occupations" based on their similarities and assigns each occupation a code number. The SCO is a companion volume to the U.S. Department of Labor's DOT, Revised Fourth Edition, published in 1991. These volumes are intended to provide a detailed representation of thousands of individual occupations in the United States, for the purpose of occupational information, occupational exploration, and job placement. To obtain a job-numbers estimate, a VE may consult a publication like the DOT. *Goode v. Comm'r of Soc. Sec.*, 966 F.3d 1277, 1281 (11th Cir. 2020) (citing 20 C.F.R. § 416.966(d)(1) and noting that "[a]lthough the DOT is outdated—some would say obsolete—it remains one of the vocational expert's primary tools.").

further found the VE's testimony persuasive and that the jobs cited by the VE existed in significant numbers in the national economy. R. 11. After making these substituted findings, the Appeals Council adopted the ALJ's ultimate finding that there were available jobs Plaintiff could perform such that Plaintiff did not qualify as being disabled. R. 11-12. I find no error in the Appeals Council's decision in this regard. The Appeals Council properly relied on the VE's hearing testimony in response to a valid hypothetical that incorporated substantially supported limitations for Plaintiff. *See McGill v. Comm'r Soc. Sec.*, 682 F. App'x 738, 741 (11th Cir. 2017) (affirming the ALJ's choice of hypothetical based on an RFC assessment that the Court affirmed as supported by substantial evidence) (citing *Crawford*, 363 F.3d at 1161). There being no error, the Appeals Council's final decision should be affirmed.

## CONCLUSION

In sum, my review is limited to determining if the Commissioner's final decision is supported by substantial evidence and based on proper legal standards. In this case, it is. The ALJ held a hearing and issued a comprehensive decision that properly considered the relevant evidence of record. Although the ALJ's written decision included an unsupported finding regarding the types of representative jobs that Plaintiff could perform in the national economy, the Appeals Council corrected this finding by expressly substituted three jobs to coincide exactly with the VE's testimony at the hearing before the ALJ.

Based on the foregoing, I find that the final decision by the Appeals Council is supported by substantial evidence, comports with applicable legal standards, and should be affirmed. I thus respectfully **RECOMMEND** that Defendant's final decision be **AFFIRMED**; that Plaintiff's letter, construed as a Motion for Summary Judgment, DE 18, be **DENIED**; that Defendant's

Motion for Summary Judgment, DE 19, be **GRANTED**; and that a final judgment be entered in Defendant's favor.

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with U.S. District Judge Aileen M. Cannon. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016). **Conversely, if a party does not intend to object to this Report and Recommendation, then that party shall file a Notice of such within five (5) days of the date of this Report and Recommendation.**

**DONE AND RECOMMENDED** in Chambers at Fort Pierce, Florida, this 5th day of January, 2023.

_____
SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE